UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. AGUIRRE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00281-KES-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 5) |

Plaintiff Edward Thomas is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

Defendants Aguirre, Leyva, and Pfeiffer removed this action to this Court from the Kern County Superior Court on March 7, 2024. (Doc. 1.) That same date, Defendants filed a motion asking the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 3.)[1]

On March 29, 2024, Plaintiff filed a Motion for Appointment of Counsel for Federal Civil Rights Proceeding. (Doc. 5.) Plaintiff contends he is indigent and incarcerated, his interests would be protected and due process afforded "by the professional assistance" of counsel due to the complexity of issues, he has a "colorable claim for relief," he is a "layman of the law," and

---

[1] Defendants' motion will be resolved in a separate order.

counsel would be better prepared for "an evidentiary hearing and/or requests for discovery." (*Id*. at 1-2.)

## II. DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. This action was recently removed from the Kern County Superior Court to this Court. While Defendants have moved for screening of the complaint, Plaintiff's complaint has not yet been screened. Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature. Further, a likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested as the Court is to consider factual allegations to be true for purposes of screening. Therefore, despite Plaintiff's assertion that he has presented a "colorable claim," that determination has not yet been made.

The Court must next evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. The Court finds Plaintiff is able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint

attached as an exhibit to Defendants' removal notice reveals Plaintiff presents claims concerning confiscation of his personal property and disability-related devices. (*See* Doc. 1-2 [Exhibit B].) Despite Plaintiff's assertions, the claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Plaintiff also contends counsel is needed to "prepare for an evidentiary hearing and/or requests for discovery." (Doc. 5 at 2.) Plaintiff is advised that an attorney's ability to better perform research, investigate, and represent Plaintiff during discovery and at an evidentiary hearing or trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment

of counsel); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing"); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist; *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (Doc. 5) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 4, 2024**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE