UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. AGUIRRE, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00281-KES-SKO<br><br>**ORDER GRANTING DEFENDANT AGUIRRE'S MOTION RE SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>(Doc. 15) |

Plaintiff Edward Thomas is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Defendants Aguirre, Leyva, and Pfeiffer removed this action to this Court from the Kern County Superior Court on March 7, 2024. (Doc. 1.) That same date, Defendants filed a motion asking the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 3.) The motion was granted on April 4, 2024. (Doc. 9.)

On May 9, 2024, the Court issued its First Screening Order. (Doc. 10.) The Court found that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief can be granted. (*Id*. at 4-9.) Plaintiff was granted leave to file an amended complaint or a notice of voluntary dismissal within 21 days. (*Id*. at 9-11.) Plaintiff filed a first amended complaint on May 28, 2024. (Doc. 14.)

On June 10, 2024, Defendant Aguirre filed "Defendant's Waiver of Reply, Demand for Jury Trial, and Notice of Motion and Motion that the Court Screen Plaintiff's Amended Complaint Under 28 U.S.C. § 1915A." (Doc. 15.) The Court finds a response by Plaintiff to be unnecessary.

## II. DISCUSSION

Initially, the Court notes the motion was filed by Defendant Aguirre only. (*See* Doc. 15 ["PLEASE TAKE NOTICE that defendant J. Aguirre (Defendant) requests …"].) There is no mention of Defendants Leyva and Pfeiffer. (*Id*.) This is puzzling as the Notice of Removal filed on March 7, 2024, refers to "Defendants J. Aguirre, A. Leyva, and C. Pfeiffer." (*See* Doc. 1 at 1.) The removal notice also states that "Defendants J. Aguirre, A. Leyva, and C. Pfeiffer were served with a copy of the complaint on February 6, 2024." (*Id*.) A Proof of Service was attached as Exhibit C to the Notice of Removal, reflecting service by mail on May 25, 2023. (*See* Doc. 1-3 at 2.) The docket for this action also reveals Deputy Attorney General Casey Trang[1] represents Defendants Aguirre, Leyva, and Pfeiffer.

It appears from Defendant Aguirre's instant motion that defense counsel may be contending that service of process as to Defendants Leyva and Pfeiffer was improper or incomplete. This conflicts with the representations made in the Notice of Removal filed March 7, 2024. The Court briefly reviewed Plaintiff's first amended complaint which names J. Aguirre, J. Garcia, James N. Fitzpatrick, Elizabeth P. Starks, and Does 1 through 5, as defendants in this action. (*See* Doc. 14 at 1-3.) Neither Leyva nor Pfeiffer are named. Therefore, perhaps the motion references Defendant Aguirre only because Plaintiff's first amended complaint appears not to name Leyva and Pfeiffer. In any event, the Court presumes defense counsel intended to file the motion on Aguirre's behalf only.

Defendant Aguirre requests the Court screen Plaintiff's amended complaint and to "dismiss those claims and defendants the Court concludes should be dismissed." (Doc. 15 at 2.)

---

[1] The Notice of Removal was prepared by Deputy Attorney General Ryan Thomas Gille. Attorney Trang then filed a Notice of Reassignment of Counsel on March 26, 2024, indicating Trang had been assigned "to represent the Defendants in this action" and that Mr. Gille was no longer counsel of record. (*See* Doc. 4.) Attorney Trang signed the document as the attorney for "A. Leyva, J. Aguirre and C. Pfeiffer." (*Id*. at 2.)

This Court has previously indicated it is "required to screen complaints brought by prisoners," including "complaints filed by prisoners in state court actions that have been removed to federal court." (*See* Doc. 9 at 2.) As the parties were previously advised, this Court is one of the busiest district courts in the nation and its judges carry a heavy caseload. (*Id*. at n.1.) The Court will screen Plaintiff's first amended complaint in due course. To the extent screening of the first amended complaint confirms that Leyva and Pfeiffer should not remain defendants in this action, the Court will recommend their dismissal, if appropriate, at a later date.

Next, the motion indicates "Defendant [Aguirre] waives a right to reply to Plaintiff's complaint to provide the Court time to complete the screening." (Doc. 15 at 2.) Defendant Aguirre requests that if the Court does not dismiss the first amended complaint in its entirety, it allow 60 days from the date of the Court's order "for Defendant to file a responsive pleading. If additional defendants are ordered to be served, Defendant respectfully requests that, in the interest of judicial efficiency and the efficiency of the parties, the Court set one responsive pleading date sixty days after the final defendant has been served." (*Id*. at 3.)

In the event a responsive pleading is needed following additional screening, any named defendants will be granted sixty days within which to file a responsive pleading. In the event additional defendants must be served, service of process efforts will be undertaken and completed before all named defendants will be ordered to file a responsive pleading within sixty days.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Aguirre's motion for screening of Plaintiff's first amended complaint (Doc. 15) is **GRANTED**.

IT IS SO ORDERED.

Dated:  **June 11, 2024**                              */s/ Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE