|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWARD THOMAS,<br><br>            Plaintiff,<br><br>     v.<br><br>J. AGUIRRE, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00281-KES-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>(Doc. 17) |
|---|---|

Plaintiff Edward Thomas is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.     RELEVANT BACKGROUND

On March 7, 2024, this action was removed to this Court from the Kern County Superior Court. (Doc. 1.) That same date, Defendants Aguirre, Leyva, and Pfeiffer filed a motion asking the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 3.) The motion was granted on April 4, 2024. (Doc. 9.)

On May 9, 2024, the Court issued its First Screening Order. (Doc. 10.) The Court found that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief can be granted. (*Id*. at 4-9.) Plaintiff was granted leave to file an amended complaint or a notice of voluntary dismissal within 21 days. (*Id*. at 9-11.)  Plaintiff filed a first amended complaint on May 28, 2024. (Doc. 14.)

On June 10, 2024, Defendant Aguirre filed "Defendant's Waiver of Reply, Demand for Jury Trial, and Notice of Motion and Motion that the Court Screen Plaintiff's Amended Complaint Under 28 U.S.C. § 1915A." (Doc. 15.) The Court issued its "Order Granting Defendant Aguirre's Motion Re Screening of Plaintiff's Amended Complaint" on June 11, 2024. (Doc. 16.)

On June 28, 2024, while the first amended complaint was pending screening, Plaintiff filed his "Motion for Leave to File [A] Second Amended Complaint to Add Defendants Not Incorporated Within the First Amended Complaint," (Doc. 17), and lodged his second amended complaint. (Doc. 18.) Defendants filed an opposition to Plaintiff's motion on July 19, 2024 (Doc. 19) and Plaintiff replied on August 9, 2024 (Doc. 20).

## II.   DISCUSSION

### Pleadings

Plaintiff seeks leave to file a second amended complaint "adding parties-defendants he originally named within his state civil tort action claim." (Doc. 17.) Plaintiff asserts he was unaware "of named defendants being excluded" from his first amended complaint because he was working on "his federal writ of habeas corpus." (*Id*. at 1.) Plaintiff states the second amended complaint "complies with Rule 8 … as plaintiff had defendants Christian Pfeiffer and A. Leyva served on the state tort claim action and has incorporated" those individuals in the second amended complaint. (*Id*.) Plaintiff states he did not intend for Pfeiffer and Leyva to be "left out," (*Id*. at 2), and asks the Court to accept and screen his second amended complaint (*Id*).

Defendants opposes Plaintiff's motion because the proposed second amended complaint does not comply with the Court's First Screening Order and fails to state a cognizable claim and assert that amendment would be futile. (Doc. 19.)

Plaintiff contends the Federal Rules of Civil Procedure allow him to file "a motion to fix any deficiencies in his pleadings prior to the complaint being screened." (Doc. 20.)  he further contends he should not be "held to the standards of a state licensed attorney and as such is permitted to make some errors in his self representation." (*Id*. at 2.) Plaintiff notes this Court's previous order issued June 11, 2024, alerted him to the fact he had not included Pfeiffer and

Leyva as named defendants in his first amended complaint. (*Id*. at 3-4.) Plaintiff asserts the claims raised in the proposed second amended complaint are sufficiently pled "and these claims should be for a jury to decide upon passing screening." (*Id*. at 4.)

### Applicable Legal Standards and Analysis

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Amendments Before Trial.**
>
> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos*., 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A*., 669 F.2d 1311, 1324 (9th Cir.), rev'd on other grounds, 459 U.S. 810 (1982)). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv*., 87 F.3d 339, 343 (9th Cir. 1996).

In evaluating a motion to amend the complaint, the Court considers whether amendment (1) would prejudice the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Eminence Capital LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003), citing *Foman v. Davis*, 371 U.S. 178 (1962). This circuit accords the greatest weight to "the consideration of prejudice to the opposing party," the prejudice-showing burden resting on the opposing party. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of

granting leave to amend." *Id*.

The Court finds little prejudice to Defendants. Defendants previously asked the Court to screen Plaintiff's first amended complaint. The request was granted, although the Court had not yet had an opportunity to screen the first amended complaint prior to the filing of Plaintiff's instant motion. There is little, if any, prejudice to Defendants where the Court will redirect its screening efforts to the proposed second amended complaint rather than the first amended complaint. The Court also finds Plaintiff has not acted in bad faith, nor will granting Plaintiff's motion produce undue delay in this litigation. Finally, screening the proposed second amended complaint will address any purported futility.

In sum, the Court finds permitting leave to amend would not prejudice Defendants and the *Foman* factors do not weigh against granting Plaintiff's motion.

### III. CONCLUSION AND ORDER

Based upon the foregoing, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint (Doc. 17) and **DIRECTS** the Clerk of the Court to file the second amended complaint lodged (Doc. 18) on June 28, 2024. The second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **October 14, 2024**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE