UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. AGUIRRE, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00281-KES-SKO<br><br>**ORDER DENYING *RHINES* STAY**<br><br>(Doc. 25)<br><br>**ORDER GRANTING 60-DAY EXTENSION OF TIME WITHIN WHICH TO FILE THIRD AMENDED COMPLAINT** |

Plaintiff Edward Thomas is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On April 21, 2025, the Court issued its Second Screening Order. (Doc. 24.) The Court found that Plaintiff's second amended complaint failed to state a claim upon which relief could be granted. (*Id*. at 5-18.) Plaintiff was granted one final opportunity to amend his complaint to cure the deficiencies identified in the screening order. (*Id*. at 18.) Plaintiff was directed to either file a third amended complaint or to file a notice of voluntary dismissal within 21 days. (*Id*. at 18-19.)

On May 15, 2025, Plaintiff filed a document titled "Petitioners Motion for Kelly Stay/Rhines v. Weber Stay Untill Further Notice." (Doc. 25.)

## II.     DISCUSSION

Plaintiff seeks a stay of these proceedings pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 25 at 1.) Plaintiff contends he has "several other pending court matters with upcoming dates" requiring a response. (*Id*.) The other actions include, but are not limited to, a habeas action pending before the California Supreme Court, another habeas action pending before the United States District Court for the Central District of California, and an action pending in the Kern County Superior Court. (*Id*.) Plaintiff states he is awaiting lower back surgery that will likely require his admission to the hospital "from anywhere to a few weeks to a few days." (*Id*. at 1-2.) He does not yet know the date of the surgery due to "'security reasoning.'" (*Id*. at 2.)

Plaintiff states he is contemplating "seeking counsel to represent him in this matter" because the "time limits of only 21-days to comply with federal rules" would not apply "if his case was being litigated within the actual court it was originally filed with"—referring to Kern County Superior Court from which this action was removed. Plaintiff also states he does not wish to file a voluntary dismissal "as suggested by this court [who] appears to assist the States Attorney General at every opportunity and [refuses] to request appointment of federal counsel for Plaintiff/Petitioner from the federal [lawyers] that the federal district courts usually make such request to." (*Id*.)

As an initial matter, this is a civil rights action filed pursuant to 42 U.S.C. section 1983 and is not a habeas action. Therefore, a *Rhines* stay is not appropriate. *See, e.g.*, *Mills v. Jones*, 1:21-cv-01193-NONE-HBK, 2021 WL 4992325, at *2 (E.D. Cal. Oct. 11, 2021) ("Plaintiff's request for a '*Rhines* Stay' is not appropriate in a civil rights action"); *Kilgore v. Mandeville*, No. 2:07–cv–2485 GEB KJN P, 2011 WL 4048406, at *2, n.3 (E.D. Cal. Sept. 9, 2011) ("the court notes that there is no mechanism for 'staying' a Section 1983 action, as plaintiff requests, as compared to the 'stay and abeyance option' available in habeas corpus actions, *see Rhines v. Weber*, 544 U.S. 269 [] (2005)").

Second, a stay is not necessary because Plaintiff could have simply sought an extension of time of the deadline for filing a third amended complaint. Good cause for an extension of time

1  may exist because Plaintiff has several other pending actions in other courts, but Plaintiff has
2  provided no information concerning the deadlines applicable in those actions.[1] In any event,
3  Plaintiff also indicates he will be scheduled for an upcoming surgery that will require his
4  admission to the hospital, and presumably a recovery period. Because it appears Plaintiff needs
5  additional time within which to comply with this Court's most recent screening order, the Court
6  will grant Plaintiff a 60-day extension of time. That should allow Plaintiff sufficient time to meet
7  his obligations in this action.

8        To the extent Plaintiff states this Court improperly "suggested" he file a notice of
9  voluntary dismissal in its April 21, 2025, order, that would result in dismissal of this action with
10 prejudice, Plaintiff is mistaken. The Court made no such suggestion. Plaintiff's two options
11 following screening were provided as follows: Plaintiff could either cure the deficiencies
12 identified in his second amended complaint or he could file a notice of voluntary dismissal
13 pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. Such a dismissal is
14 "without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

15       Lastly, the Court addresses Plaintiff's reference to the appointment of counsel. As
16 Plaintiff was advised on April 4, 2024, in this Court's Order Denying Plaintiff's Motion to
17 Appoint Counsel,

> Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

23 (*See* Doc. 8 at 2.) Again, because this action is a civil rights case, Plaintiff has no constitutional
24 right to appointed counsel. The circumstances presented in Plaintiff's current motion do not
25 change that outcome because Plaintiff presents no exceptional circumstances. Plaintiff may retain

---

[1] Plaintiff is encouraged to review the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued on March 7, 2024. (*See* Doc. 2 [I. INTRODUCTION & VII. DEADLINES].)

3

counsel if he chooses to do so, and he would be subject to the same Federal Rules of Civil Procedure and this Court's Local Rules regarding applicable deadlines.

### III. CONCLUSION AND ORDER

For the foregoing reasons, this Court **HEREBY ORDERS** that:

1. Plaintiff's motion for a *Rhines* stay (Doc. 25) is **DENIED**; and
2. Plaintiff is **GRANTED** a **60-day extension of time**, from the date of service of this order, within which to file a third amended complaint, curing the deficiencies identified in the Court's Second Screening Order (Doc. 24).

**Plaintiff is advised that a failure to comply with this order may result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **May 23, 2025**              /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE