|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWARD THOMAS,<br><br>         Plaintiff,<br><br>    v.<br><br>J. AGUIRRE, et al.,<br><br>         Defendants. | Case No.: 1:24-cv-00281-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |
|---|---|

Plaintiff Edward Thomas is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    RELEVANT BACKGROUND

Plaintiff filed a second amended complaint on October 15, 2024. (Doc. 22.) The Court issued its Second Screening Order on April 21, 2025. (Doc. 24.) It found Plaintiff's second amended complaint violates Rule 8 of the Federal Rules of Civil Procedure (*id.* at 5-6), and fails to state any cognizable claim upon which relief can be granted (*id*. at 8-17). Plaintiff was afforded one final opportunity to file a third amended complaint, or a notice of voluntary dismissal, within 21 days, curing the deficiencies identified in the order. (*Id*. at 18-19.)

On May 15, 2025, Plaintiff filed a document titled "Petitioners Motion for Kelly Stay/Rhines v. Weber Stay Untill [sic] Further Notice." (Doc. 25.)

On May 23, 2025, the Court issued its Order Denying *Rhines* Stay and Order Granting 60-Day Extension of Time Within Which to File Third Amended Complaint. (Doc. 26.)

Although more than 60 days plus time for mailing have passed, Plaintiff has failed to file a third amended complaint. Thus, the Court will recommend this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

## II.    DISCUSSION

### A.  Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to file a third amended complaint, or notice of voluntary dismissal, as directed in the Second Screening Order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to

1  manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

2  The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's April 21, 2025, screening order provided Plaintiff 21 days within which to file a third amended complaint or a notice of voluntary dismissal. On May 23, 2025, Plaintiff was granted a 60-day extension of time within which to file the third amended complaint. Plaintiff has failed to comply with the Court's orders and the time to do so has now passed. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a third amended complaint or a notice of voluntary dismissal, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's May 23, 2025, Order warned as follows: "**Plaintiff is advised that a failure to comply with this order may result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute.**" (Doc. 26 at 4, emphasis in original.) Additionally, the Court's Second Screening Order warned: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 24 at 19, emphasis in original.) Finally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights

3

Case, issued March 7, 2024, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 2 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 31, 2025**                              */s/ Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE